TAIT, ET AL VS CAREY & FITZPATRICK (PIMM, INTERVENER).

Opinion delivered January 12, 1899.

1. *Assignment for Benefit of Creditors—Partial.*

An assignment for benefit of creditors which conveys a certain store house and "also all the goods, wares and merchandise of every class, character and description then contained in said building; also all fixtures and apparatus used in carrying on said business, together with, all and singular, the rights, members and appurtenances thereto belonging" does not constitute

a general assignment when it is shown that there were notes and accounts due the assignors aggregating about $20,000; for the language employed in the deed is not sufficiently broad to cover these notes and accounts. Such an assignment is a partial one.

2. *Assignment—Withholding Property.*

An assignment for creditors purporting to convey property which is withheld by the assignor is fraudulent and void; but where an assignment is partial the withholding by the assignor of certain property not contained in the deed of assignment, does not invalidate the conveyance, where all property described therein was delivered to the assignee.

3. *Assignment—Place of Filing Inventory, and Bond.*

Under Mansf. Dig. Sec. 305, an assignee is required to file inventory and bond "in the office of the clerk of the court exercising equity jurisdiction." Inventory and bond of assignee was filed at Ardmore. The property conveyed was in the town of Chickasha. There is but one Clerk for the Southern District of Indian Territory, and he resides and has his office at Ardmore. Sec. 5550 Mansf. Dig. establishes the recorder's office at the seat of justice, and Sec. 5558 requires the recorder, who is the clerk, to record all instruments concerning lands or chattels for record. *Held*, that the inventory and bond covering property in the said district was properly filed at Ardmore, the seat of the court for said district.

4. *Assignment--Appointment of Assignee as Receiver.*

The attaching creditors agreed to the appointment of the Assignee as Receiver before his inventory and bond as assignee was completed. The assignee as receiver executed a bond as such. *Held*, that this receiver's bond superseded and did entirely away with the necessity for filing an inventory or bond as assignee at any point.

5. *Assignee, who is Intervener, Not Proper Receiver—Objection Waived by Agreement.*

Where the assignee is a claimant for the assigned property as an interpleader in the case, he is not a proper person to be made receiver thereof, under Mansf. Dig. Sec. 5290. But

where no objection was made at the time of appointment or after until the trust was wholly executed and the proceeds in hands of the court for disposition, and the appointment was made by agreement of the parties, his acts will not be disturbed.

Appeal from the United States court for the Southern district.

HOSEA TOWNSEND, Judge.

Suit and attachment by John and William G. Tait, doing business as the Tait Milling Company, against Carey & Fitzpatrick. W. C. Pimm filed an interplea, claiming the attached property as assignee of defendants. Judgment in favor of the interpleader. Affirmed.

On the 18th day of August, 1897, appellants, John and William G. Tait, partners, doing business under the firm name of Tait Milling Company, commenced an action on account against the defendants, Carey & Fitzpatrick, in the United States court for the Southern district of the Indian Territory at Chickasha, and caused to be levied an attachment upon certain goods, wares, and merchandise as the property of Carey & Fitzpatrick. On the 18th day of August, 1897, prior to the filing of the suit, the defendants, Carey & Fitzpatrick, made and delivered to W. C. Pimm a deed of assignment for the benefit of creditors, which deed transferred to said Pimm one two-story brick building, situate in the town of Chickasha, known as the "Carey & Fitzpatrick Building," being the house in which said Carey & Fitzpatrick had been conducting a general merchandise business; also all the goods, wares and merchandise of every class, character, and description then contained in said building; also all fixtures and apparatus used in carrying on said business, together with, all and singular, the rights, members, and appurtenances thereto belonging. Mrs. Maria

Fitzpatrick gave her consent in writing for the firm of Carey & Fitzpatrick to make such disposition of the storehouse in Chickasha in which they had theretofore been conducting a mercantile business, also of the entire stock of goods, wares, and merchandise, and fixtures therein contained, as they might see proper, either by sale, assignment, or deed of trust· But in giving this consent she did not mean to admit that she was a partner in said business, but on the contrary she denied that she was a partner, or in any manner connected with said concern, or in any way responsible for the debts. All parties to this transaction were residents of the town of Chickasha, in the Chickasaw Nation, Indian Territory. On the 25th day of August, 1897, the interpleader, W. C. Pimm, as assignee, prepared an inventory of property assigned to him by defendants, Carey & Fitzpatrick, and filed said inventory, together with a bond as assignee, in the office of the clerk of the United States court for the Southern district of the Indian Territory at Ardmore, in said Southern district; and on the 1st day of September, 1897, said interpleader filed his interplea as assignee and took possession of the goods, wares, and merchandise attached in this action, as assignee of the firm of Carey & Fitzpatrick. On the 9th day of September, 1897, the cause came on for hearing and trial in the United States court for the Southern district of the Indian Territory at Chickasha, and the court rendered judgment in favor of appellants and plaintiffs, the Tait Milling Company, against the defendants, Carey & Fitzpatrick, for the sum of $250.60 and the costs of the action, and sustained plaintiff's attachment against the property of Carey & Fitzpatrick, and the cause was continued as to the issues between the plaintiffs and the interpleader, W. C. Pimm, as assignee. On the 8th day of September, 1897, the interpleader made application to be appointed receiver of          .

the property of the firm of Carey & Fitzpatrick, and on the 9th day of September, he was appointed receiver of the property of the firm. On the 9th day of February, 1898, the plaintiffs filed their reply to the interplea, and on the 10th day of February this cause was duly tried by the Court upon an agreed statement of facts, and on the 14th day of February the Court made special findings, and rendered judgment in favor of the interpleader, and against the plaintiffs, the Tait Milling Company, for the goods attached in this action,.to which the plaintiffs excepted. On the same day the plaintiffs filed their motion for a new trial, which the Court overruled, and plaintiffs took an appeal to the Court of Appeals for the Indian Territory.

*Charles M. Fechheimer*, for appellants.

*M. M. Beavers* and *Potter, Owenby & Thomas*, for appellee.

SPRINGER, C. J. The issues raised by the interplea in this case were by agreement of counsel tried by the Court, and special findings of facts and the law were submitted. To these findings the appellants took exceptions. The first error assigned is on account of the finding of the Court which held that the deed in question was a partial and not a general assignment of the property of the firm of Carey and Fitzpatrick, and that the notes and accounts belonging to the firm, not being in the brick house mentioned in the deed at the time of the execution thereof, were not conveyed by it. The deed is substantially set forth in the statement of the case. The counsel for the appellants contends that the words "goods," "fixtures and apparatus," and "together with, all and singular, the rights, members, and appurtenances thereto belonging" are broad enough, in the connection in which they are used, to cover the notes and accounts, and show that it was the intention to assign everything owned and used by the firm. In the agreed

(50)

statement of facts upon which this case was tried it was conceded that there were notes and accounts due the firm of Carey & Fitzpatrick to the amount of about $20,000 00, and that one of the members of the firm had removed the books of the firm, together with all notes and accounts, out of the Indian Territory, for the purpose of preventing creditors from attaching them, and that the notes and accounts were not in the storehouse at the time of the execution of the deed of assignment   This clearly indicates that the makers of the deed did not intend to convey the notes and accounts, and hence, if they were conveyed, the language used in the deed must clearly import a conveyance.   But the language employed is not broad enough to convey the notes and accounts of the firm.   It would be strained and unreasonable construction to hold that the makers of the deed contemplated their transfer to the assigeee.   This was not, therefore, a general assignment.   It was partial, and the withholdings of the notes and accounts did not invalidate the conveyance of such property as was embraced in the deed.   The Court also found that the deed of assignment was not executed in pursuance of a scheme to defraud the creditors of Carey & Fitzpatrick, and that if such scheme èxisted the receiver had no notice thereof.   The case was tried by the Court upon an agreed statement of facts, which is printed in full in the record.   Counsel for appellants contends that the facts thus admitted tend to show that the deed was executed in pursuance of a scheme to defraud the creditors of the assignor, or to the effect that, at the time of the execution thereof, there were notes and accounts to the amount of $20,000 belonging to the firm of Carey & Fitzpatrick, which they had heretofore removed out of the Indian Territory for the purpose of defrauding creditors.   If the deed had purported to convey the notes and accounts, and the assignors had withheld them from the assignee, the assignment would have been fraudulent and void.   If, however, the assignment was partial, and all the goods assigned were

placed in the possession of the assignee, as appears in this case, then the mere fact that, prior to the assignment, other assets of the firm had been taken out of the Indian Territory, to prevent them from being seized in attachment, would not invalidate the assignment of the property which was conveyed by the deed.

The third assignment of error is involved in the first and second, and need not be further considered. The fourth assignment of error is that the Court erred in holding that the filing of the inventory of the goods and bond of the assignee at Ardmore, instead of at Chickasha, was a sufficient compliance with the requirements of the statute. In support of his contention on this point, counsel for appellants cite Section 305 of Mansfield's Digest, which is as follows: "Sec. 305. In all cases in which any person shall make an assignment of any property, whether real, personal, mixed or choses in action, for the payment of debts, before the assignee shall be entitled to take possession, sell or in any way manage or control any property so assigned, he shall be required to file in the office of the clerk of the court exercising equity jurisdiction a full and complete inventory and description of such property, and also make and execute a bond to the state of Arkansas in double the estimated value of the property in said assignment, with good and sufficient security, to be approved by the clerk of said Court conditioned that such assignee shall execute the trust confided to him, sell the property to the best advantage and pay the proceeds thereof to the creditors mentioned in said assignment according to the terms thereof, and faithfully perform the duties according to law." This statute requires the bond and inventory to be filed "in the office of the Clerk of the Court exercising equity jurisdiction." The Court held at Chickasha, counsel insist, was the Court indicated, as that Court undoubtedly had equity jurisdiction, and the case at bar was pending therein. But the section

quoted must be construed in connection with all the other laws in force in the Indian Territory. There is but one Court in the Southern District of the Indian Territory. The judge, clerk, district attorney, and marshal are the same at all places where the Court is held Ardmore is the place where the Clerk resides and keeps the record of the deeds and mortgages for the whole district, which district, corresponds with a county in Arkansas. Sec. 5550 of Mansfield's Digest establishes the recorder's office at the seat of justice, and Sec. 5558 requires the recorder, who is the clerk, to record in his office all instruments of writing concerning any lands and tenements or goods and chattels for record. Hence Ardmore was the proper place for recording the deed of assignment and the inventory of the property. A better practice, in the Indian Territory, would be to file copies at both places. We quite agree, however, with the finding of the trial judge to the effect that the filing at Ardmore, and the failure to file at Chickasha, cannot avail the appellants in this case. They procured the order of attachment to issue after the deed of assignment had been delivered, and seized the goods while the assignee was making the inventory. After the seizure of the goods by attachment and after the completion of the inventory and the execution of the bond, the trial court, with the consent of all parties concerned, including the appellants, appointed the assignee receiver, who was required to execute a bond as such, which was to supercede and take the place of the assignee's bond. The receiver sold the property, and now holds the proceeds subject to the order of the Court. These proceedings did away entirely with the necessity of filing the inventory and assignee's bond. Counsel for appellants insists that the appointment of Pimm as receiver, who was the assignee of the property and the interpleader therefor in the case, was illegal and void, under Section 5290 of Mansfield's Digest, which is as follows: "Sec. 5290. No party or attorney interested in an action shall be appointed

receiver therein." This section was not called to the attention of the trial Court (Judge Kilgore presiding at the time), and no exception was taken to the appointment of the assignee as receiver. On the contrary, all the parties consented to his appointment as receiver, including the appellants. The appointment ought not to have been made. But the assignee was appointed receiver, and he has wholly executed the trust confided to him. The property has been sold, and the proceeds are now subject to the order of the Court. No one's rights have been prejudiced. What was done was by consent of all parties, and to the interest of all concerned. The maxim, "Fieri non debet, sed factum valet," applies. While an error was committed, a reversal will not cure it, and will not promote the interests of any of the parties concerned. The contention of counsel for appellants to the effect that the consent given by Mrs. Fitzpatrick to the making of the deed of assignment was not given as a partner but as an individual, is untenable. It matters not in what capacity she gave her consent in this case, for the reason that she gave it in the only terms which were consistent with the truth as she understood it. The law does not require persons to prevaricate in order to avoid the technical objections of consel. There is no reversible error in the case, and the judgment of the Court below is therefore affirmed.

CLAYTON, J., concurs.